**SO ORDERED.**

**SIGNED this 01 day of March, 2011.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

ROBERT V. RODGERS,                        CASE NO. 09-09124-8-JRL

    Debtor.                                      Chapter 13

_____

ROBERT V. RODGERS,

    Plaintiff,

           V.                           ADVERSARY PROCEEDING NO.

PREFERRED CAROLINAS REALTY, INC.,         10-00171-8-JRL
JAMES E. ALLEN, JR., JIM ALLEN GROUP,
INC., HARRY JAMES THORPE, RANDALL
EICHORN, LISA EICHORN, W. SIDNEY
ALDRIDGE, AND NICHOLLS & CRAMPTON,
P.A.,

    Defendants.

**ORDER**

This matter came before the court on defendants Randall and Lisa Eichorn's motion to set aside an entry of default. A hearing was held on February 9, 2011, in Raleigh, North Carolina.

The debtor commenced this adversary proceeding on July 29, 2010, and issued summonses on the defendants on July 30, 2010. According to the certificate of service filed by plaintiff Robert V. Rodgers, service of the summons on the Eichorns was made on August 3, 2010, by regular, first class mail. The Eichorns did not respond to the summons, and Mr. Rodgers moved for an entry of default against them on October 6, 2010. The Clerk of Court entered a default pursuant to Federal Rule of Bankruptcy Procedure 7055 on October 13, 2010. The Eichorns moved to set aside the entry of default on October 27, 2010.

Complicating matters of service, the Eichorns began the process of moving to Florida in May 2010. Mr. Eichorn's job required him to move to Florida, where he held several temporary addresses before finding permanent housing in early November 2010. Mrs. Eichorn remained in North Carolina and joined Mr. Eichorn in mid August 2010. Anticipating the move, the Eichorns filed a change-of-address form with the postal service in May 2010, changing their address from 1345 Marshall Farm Street in Wake Forest, North Carolina to 490 Hermitage Way in Plantation, Florida. This was the address of a colleague with whom Mr. Eichorn stayed for a few weeks before entering corporate housing in July 2010. The colleague continued to collect the Eichorns' mail and periodically delivered it to Mr. Eichorn. Mrs. Eichorn joined Mr. Eichorn in the corporate housing in August 2010 for 30 days; the two then moved into an extended-stay hotel until they purchased and moved to their permanent home in November 2010. The Eichorns testified the summons was never forwarded to the Florida address, nor did they receive it in North Carolina. Further compounding the service of the summons, the plaintiff served the complaint to 1345 Marshall Farm Street, <u>Apartment 201</u> in Wake Forest. The Eichorns' North Carolina address is a single family residence.

The Eichorns indirectly learned of the summons in late September 2010. Mr. Eichorn's brother, for reasons unknown to the court, spoke with Dan McLamb, an attorney representing W. Sidney Aldridge and the law firm of Nicholls & Crampton—other defendants in this adversary proceeding.[1] Mr. McLamb mentioned the summons to Mr. Eichorn's brother. By the time Mr. Eichorn spoke with Mr. McLamb himself, an entry of default had already been filed with this court. Given the potential conflict of interest—Mr. Aldridge being a co-defendant of the Eichorns—Mr. Aldridge told the Eichorns he could not represent them in the adversary proceeding. Within three weeks, the Eichorns obtained new counsel, who immediately filed this motion to set aside the entry of default.

## DISCUSSION

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c) (adopted by Fed. R. Bankr. P. 7055). The Fourth Circuit has held a court should consider the following factors in setting aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). The overarching principle guiding this analysis is a strong preference of avoiding defaults and disposing of claims on their merits. Id. (citing Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990) and Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,

---

[1] Mr. Aldridge, an attorney with Nicholls & Crampton, represented the Eichorns in the state court proceeding whose results Mr. Rodgers places at issue in this adversary proceeding.

-3-

383 F.2d 249, 251 (4th Cir. 1967)).

Service of a summons and complaint is governed by Federal Rule of Bankruptcy Procedure 7004. It allows for service by any method authorized under Federal Rule of Civil Procedure 4(e), as well as service by first class mail to the individual's dwelling house or usual place of abode—the method attempted here. Fed. R. Bankr. P. 7004(b)(1). This abbreviated method of service requires "a higher standard of care when serving a party defendant." In re Sheppard, 173 B.R. 799, 805 (Bankr. N.D. Ga. 1994) ("[A] plaintiff must comply strictly with Rule 7004, which requires that service by mail be made using the correct address for the party defendant."). Service by first class mail is completed upon mailing. Id.

It is best to consider service on Mr. and Mrs. Eichorn separately, as Mr. Eichorn clearly changed his usual place of abode before Mrs. Eichorn. The North Carolina address used by the plaintiff was not Mr. Eichorn's dwelling house or usual place of abode in July 2010. Given the high standard of care required for service by first class mail, the plaintiff failed to obtain the proper service address for Mr. Eichorn; therefore, service was not completed as to him. Without proper service of the complaint, the motion to set aside entry of default against Mr. Eichorn is granted.

As to Mrs. Eichorn, the court finds she was properly served. The plaintiff mailed the complaint to her usual place of abode, which, at the time, was in North Carolina. But for forwarding her mail to Florida, she would have received the summons.[2] A party cannot avoid

---

[2]The inclusion of "Apartment 201" on an address of a single family residence likely explains why the complaint was not forwarded to the Florida address. The Post Office may not have forwarded it, thinking the item was intended for another tenant at that address. However, had a forwarding address not been filed, it would have likely arrived at the North Carolina address. Regardless, the court's analysis under Rule 55(c) discussed *infra* favors setting aside

-4-

service by simply filing a change of address form with the postal service unless the party truly changes her usual place of abode. Given that service was proper, the court turns to the Fourth Circuit's factors to consider when setting aside an entry of default.

The Eichorns have a meritorious defense to Mr. Rodgers' complaint. On December 3, 2010, the court granted several co-defendants their motion to dismiss and motion for judgment on the pleadings. Rodgers v. Preferred Carolina Realty, Inc., (In re Rodgers), No. 10-00171-8-JRL (Bankr. E.D.N.C. Dec. 3, 2010). The adversary proceeding was dismissed as to most of the Eichorns' co-defendants on the grounds of res judicata.[3] Before filing bankruptcy, Mr. Rodgers asserted several claims against the Eichorns and co-defendants relating to a sale of property. The parties settled the claims pursuant to a court-mandated mediation and agreed to release all claims and counterclaims related to the dispute. Id. at 5-6. Mr. Rodgers refused to comply with the terms of the settlement agreement days after signing it. Id. at 6. The presiding superior court judge twice ordered Mr. Rodgers to comply with the properly executed settlement agreement, affirmed by the North Carolina Court of Appeals. Id. at 6-7. After applying the doctrine of res judicata, pursuant to North Carolina law, this court found it was barred from reconsidering the claims that had already been reduced to judgment by the state courts. Since the Eichorns were parties to the original state court actions and settlement agreement this court gave preclusive effect to, they likely have a meritorious defense to the plaintiff's complaint.

Furthermore, the Eichorns acted with reasonable promptness, once they heard about the

---

the entry of default, so precise determination of Mrs. Eichorn's service is not necessary.

[3]Two of the co-defendants were denied their motion to dismiss because they were not parties to the original state court action; therefore, there was no prior judgment as to these parties to bar a subsequent determination of an identical cause of action.

adversary proceeding from Mr. Eichorn's brother. Within three weeks, the Eichorns obtained new counsel and filed the instant motion—the turnaround was accomplished at an above-average pace. The court does not find the Eichorns were personally responsible for the entry of default. Ideally, the Eichorns would have only forwarded Mr. Eichorn's mail to the Florida address; however, the court does not find it irresponsible for a couple in the process of moving to forward all their mail to the future location despite the fact that only one is moving immediately. The plaintiff argues defendants' counsel, Sidney Aldridge, was personally responsible for failing to notify the Eichorns of the adversary proceeding, and that his fault should be imputed on the Eichorns. Although Mr. Aldridge represented the Eichorns in the state court proceeding, he was not definitively their counsel in the adversary proceeding—an entirely new lawsuit. Therefore, he was not bound to notify them of the complaint.

The plaintiff, Mr. Rodgers, has not suffered any prejudice as a result. Again, the Eichorns responded to the complaint quickly, thus there was hardly a delay. Furthermore, the Fourth Circuit has stated that regarding motions to set aside entry of default, "delay in and of itself does not constitute prejudice to the opposing party." Colleton Preparatory Acad., Inc., 616 F.3d at 418 (citations omitted). No evidence of a history of dilatory action on the part of the Eichorns was presented. Finally, there are certainly sanctions less severe than depriving the Eichorns the opportunity to defend themselves on the merits of the case; however, the court will not impose sanctions for the minor delay.

The defendants' motion to set aside entry of default is GRANTED.

**END OF DOCUMENT**