IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-153-FL

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT V. RODGERS, ) | |
| ) | |
| Debtor, ) | |
| _____ ) | |
| ) | |
| ROBERT V. RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| PREFERRED CAROLINAS REALTY, ) | |
| INC.; JAMES E. ALLEN, JR.; JIM ) | |
| ALLEN GROUP, INC.; HARRY ) | |
| JAMES THORPE; RANDALL ) | |
| EICHORN; LISA EICHORN; W. ) | |
| SIDNEY ALDRIDGE; and NICHOLLS ) | |
| & CRAMPTOM, P.A.; ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on appeal by Robert Rodgers, debtor, from an order of the United States Bankruptcy Court dated December 3, 2010. Notice of appeal was filed December 17, 2010, pursuant to 28 U.S.C. § 158(a), within the time period allotted by Fed. R. Bankr. P. 8002. Also before the court is appellees' motion for sanctions (DE # 17) pursuant to Fed. R. Bankr. P. 8020. These matters have been fully briefed, and are accordingly ripe for adjudication. For the reasons that follow, the decision below is vacated and remanded. Appellees' motion for sanctions (DE # 17) is denied.

STATEMENT OF THE CASE

Debtor Rodgers ("Rodgers") petitioned for relief under Chapter 13 of the Bankruptcy Code on October 20, 2009. On July 29, 2010, Rodgers instituted an adversary proceeding by filing complaint against Preferred Carolinas Realty, Inc. ("PCR"), James E. Allen, Jr. ("Allen"), Jim Allen Group, Inc. ("Jim Allen Group"), Harry James Thorpe ("Thorpe"), Randall and Lisa Eichorn ("the Eichorns"), W. Sidney Aldridge ("Aldridge"), and Nicholls & Crampton, P.A. ("Nicholls & Crampton"). Therein, Rodgers asserted various claims for relief arising out of a real estate dispute. PCR, Allen, Jim Allen Group, and Thorpe filed a motion to dismiss and motion for judgment on the pleadings.[1] On December 3, 2010, the bankruptcy court granted the motion as to PCR and Allen, but denied the motion as to Jim Allen Group and Thorpe.[2]

On December 17, 2010, Rodgers timely filed notice of appeal of the bankruptcy court's order, seeking reversal of the bankruptcy court's dismissal of PCR and Allen ("appellees"). The record on appeal was docketed in this court on April 4, 2011. The parties thereafter filed their briefs for the court's consideration. Appellees filed their motion for sanctions on May 19, 2011, and Rodgers responded May 26, 2011.

---

[1] The bankruptcy court addressed both Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure, which are made applicable to bankruptcy court proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Because the motion was filed after the answer, the court will examine the motion as one for judgment on the pleadings pursuant to Rule 12(c).

[2] See Rodgers v. Preferred Carolina Realty, Inc., et al (In re: Rodgers), Ch. 13 Case No. 09-09124-8-JRL, Adv. No. 10-00171-8-JRL, 2010 WL 5014340 (Bankr. E.D.N.C. Dec. 3, 2010).

STATEMENT OF FACTS[3]

In December 2005, the Eichorns were seeking to purchase a home and entered into an agency relationship with PCR and Allen to represent them in the process. Thorpe and Allen, agents for PCR, showed the Eichorns property located in Wake Forest, North Carolina ("the property"). PCR told the Eichorns that the property was owned by Toth Building Company, which was performing construction on the property. In fact, Rodgers was the actual owner of the property, not Toth Building Company as represented to the Eichorns by PCR. Rodgers had hired Brandon Toth ("Toth") to oversee the construction on the property.

Through PCR, the Eichorns entered into negotiations with Toth and Toth Building Company for the purchase of the property and the home to be constructed on the property. On December 8, 2005, PCR presented to the Eichorns a written contract that contemplated a purchase price of $502,500.00 and a closing date of April 14, 2006. The parties signed the contract, although Rodgers, the true owner of the property, had no knowledge of the contract. Unbeknownst to the Eichorns, PCR modified the contract by "whiting out" the name of the seller, Toth Building Company, and substituting Rodgers' name.

In late December, 2005, Toth informed Rodgers that there was an offer to purchase the property for $502,500.00. For the next several months, the parties negotiated additional construction on the property. In October 2006, the Eichorns learned that Rodgers was the actual owner of the property. In November 2006, Toth, Allen, and the Eichorns through their retained counsel Aldridge of Nicholls & Crampton, met to finalize and execute an offer to purchase and contract for review

---

[3] A thorough recitation of the facts is set forth in the bankruptcy court's order which is the subject of this appeal. The court sets forth here a brief summary of the facts as stated by the bankruptcy court, which the parties do not challenge.

by Rodgers. In January 2007, Rodgers rejected the Eichorn's new offer to purchase the property.

On March 12, 2007, the Eichorns filed a Notice of Lis Pendens against the property, and on April 2, 2007, the Eichorns filed a complaint against Rodgers, PCR, Allen, Toth, and Toth Building Company in Wake County Superior Court.[4] A flurry of crossclaims and counterclaims ensued, including, *inter alia*, a crossclaim by Rodgers against PCR and Allen for negligence, which claim also arose out of the real estate dispute. On May 1, 2008, the parties entered into a settlement agreement that allowed the Eichorns to purchase the property from Rodgers for $425,000.00 and required Rodgers' co-defendants to pay Rodgers $50,000.00. Finally, the settlement agreement provided that "upon completion of all above conditions, parties will file stipulation of dismissal of all claims and counterclaims in the action with prejudice, to be filed by plaintiffs' attorney," and further provided that "mutual release [is] to be executed by all parties."

On May 6, 2008, Rodgers informed the other parties that he would not honor the settlement agreement. The Eichorns, PCR, and Allen filed motions to compel compliance with and to enforce the settlement agreement. On July 3, 2008, the state court ordered Rodgers to comply with the settlement agreement, incorporating the settlement agreement by reference ("2008 Order"). Rodgers appealed to the North Carolina Court of Appeals, which dismissed Rodgers' appeal. Rodgers still refused to comply, prompting a second motion to compel compliance. On August 25, 2009, the state court concluded that Rodgers had "willfully and without justification" refused to comply with the settlement agreement and again ordered Rodgers' compliance ("2009 Order").

On October 20, 2009, Rodgers filed a voluntary Chapter 13 petition. On July 29, 2010, Rodgers initiated the adversary proceeding against PCR, Allen, Jim Allen Group, Thorpe, the

---

[4] See Eichorn v. Rodgers, *et al*, Wake Co. Superior Court file number 07-CVS-3902.

Eichorns, Aldridge, and Nicholls & Crampton, asserting claims of gross negligence, fraud, constructive fraud, unfair and deceptive trade practices, and willful and wanton conduct, which claims arose out of the same transactions at issue in the state court proceedings and settlement agreement. Shortly thereafter, PCR, Allen, Jim Allen Group, and Thorpe filed motion for judgment on the pleadings, arguing, *inter alia*, that the settlement agreement was enforceable and barred Rodgers' complaint. The bankruptcy court granted the motion as to PCR and Allen, finding that Rodgers' claims against them were barred by principles of res judicata, but denied the motion as to Jim Allen Group and Thorpe because they were not parties to the original state court action. Rodgers appeals the dismissal of PCR and Allen.

## DISCUSSION

A.      Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to review the bankruptcy court's order. "On appeal [from the bankruptcy court] the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. On appeal, findings of fact are reviewed for clear error, and questions of law are reviewed *de novo*. Bowers v. Atlanta Motor Speedway (In re Southeast Hotel Properties Ltd. Partnership), 99 F.3d 151, 154 (4th Cir. 1996); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

The bankruptcy court granted judgment on the pleadings for appellees under Federal Rule of Civil Procedure 12(c), made applicable to proceedings in bankruptcy by Federal Rule of

Bankruptcy Procedure 7012(b). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). In considering the motion, the court assumes the facts alleged in the complaint are true, and draws all reasonable factual inferences in the nonmovant's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The court may rely on facts admitted in the pleadings as well as documents attached to the pleadings. See Farmer v. Wilson Housing Authority, 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004); see also Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

B.   Analysis

Rodgers' adversary complaint states claims against appellees that arise out of the real estate dispute that was the subject of the state court action.[5] In the state court action, Rodgers and appellees were parties to a settlement agreement that required the parties to dismiss all claims with prejudice once the other conditions of the settlement agreement were fulfilled. The state court, in its 2008 Order, held that the settlement agreement was enforceable and ordered Rodgers to comply with its requirements, specifically incorporating the settlement agreement into the order. In the 2009 Order, the state court again ordered Rodgers to comply with the settlement agreement.

The bankruptcy court held that, on the basis of the settlement agreement, Rodgers' claims against appellees are barred by the doctrine of res judicata, which provided the sole basis for the bankruptcy court's grant of appellees' motion for judgment on the pleadings. At issue is whether

---

[5] Appellant expressly concedes this fact in his reply brief, stating "[a]ppellant does not dispute that his claims in the adversary proceeding arise from the same facts and circumstances presented in the state court proceeding." (Appellant's Reply Br., p. 3).

the bankruptcy court erred in so holding. For the reasons that follow, the court determines that the ruling below was erroneous.

The doctrine of res judicata, or "claim preclusion," precludes subsequent suits involving claims that have already been reduced to judgment, preventing the "relitigation of all matters . . . that were or should have been adjudicated in the prior action." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). State court judgments have a preclusive effect in subsequent federal lawsuits as they are entitled to full faith and credit in federal court. 28 U.S.C. § 1738. A federal court determining the preclusive effect of a state court's decision is required to adhere to the preclusion law of that state. Brooks v. Arthur, 626 F.3d 194, 200 (4th Cir. 2010). The 2008 Order and 2009 Order, which incorporated the terms of the settlement agreement, were issued by the Wake County Superior Court, therefore North Carolina law applies. Under North Carolina law, the essential elements of res judicata are "(1) a final judgment on the merits in an earlier suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Hogan v. Cone Mills Corp., 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985).

The bankruptcy court held that the elements of res judicata were satisfied.[6] As to the first element, the bankruptcy court determined that a final judgment on the merits had been rendered in the state court action based on the state court's order that the parties comply with the settlement agreement, which included a provision that the parties voluntarily dismiss their claims with prejudice.

---

[6] Specifically, the bankruptcy court held that the third element was satisfied as to PCR and Allen, but not as to Jim Allen Group or Thorpe, because those parties were not parties to the original state court action. For this reason, the bankruptcy judge granted the motion to dismiss only as to PCR and Allen.

As recognized by the bankruptcy court, it is well settled that a voluntary dismissal of claims with prejudice constitutes a final judgment on the merits for purposes of res judicata. See <u>Riley v. Murdock</u>, 390 F. Supp. 444, 457 (E.D.N.C. 1995); see also <u>Caswell Realty Associates I, L.P. v. Andrews Co., Inc.</u>, 128 N.C.App. 716, 496 S.E.2d 607, 610 (1998). Here, however, it does not appear to the court that the claims in state court were actually dismissed, or that a final judgment was ever rendered. Indeed, appellees implicitly concede this fact in their brief, arguing that "there is no meaningful difference between the Order requiring the parties to sign a mutual release and dismiss their claims with prejudice and an Order dismissing a claim with prejudice." (Appellees' Br., p. 8) Nevertheless, North Carolina law is clear that "[n]o question becomes res judicata until it is settled by a final judgment." <u>In re Morris</u>, 224 N.C. 487, 493, 31 S.E.2d 539, 543 (1944). Appellees cite no legal authority supporting their assertion that the court order requiring compliance with the settlement agreement constitutes a final judgment for purposes of res judicata.[7] The bankruptcy court did not rely on any such authority, and the undersigned is aware of none.

Because the state court action did not result in a final judgment on the merits, the first essential element of res judicata is not satisfied. Because the bankruptcy court's holding that res judicata applied was the sole basis for the grant of appellees' motion for judgment on the pleadings, the decision below is VACATED and REMANDED.[8] Because Rodgers' appeal was not frivolous, appellees' motion for sanctions (DE # 17) is DENIED. See Fed. R. Bankr. P. 8020.

---

[7] Appellees' reliance on <u>Smyth v. Rivero</u>, 282 F.3d 268 (4th Cir. 2002), is misplaced. In that case, the plaintiffs' claims were actually dismissed by the district court. See <u>id.</u> at 273 (explaining that plaintiffs' claims became moot during pendency of litigation, resulting in the dismissal of those claims). Here, the 2008 Order did not dismiss the claims, presumably because the terms of the settlement agreement required that certain other conditions had to be met before the claims would be dismissed with prejudice.

[8] This court's holding is expressly limited to the issue of res judicata and does not address any other arguments for dismissal that were not reached by the bankruptcy court. The matter is remanded to permit opportunity for evaluation of other arguments by the bankruptcy court in the first instance.

SO ORDERED, this the 12th day of July, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge