**SO ORDERED.**

**SIGNED this 01 day of August, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

**ROBERT V. RODGERS,**             CASE NO. 09-09124-8-JRL
    DEBTOR.                        CHAPTER 13

**ROBERT V. RODGERS,**
    Plaintiff,

    vs.                            ADVERSARY PROCEEDING
                                   NO. 10-00171-8-JRL

**PREFERRED CAROLINA REALTY, INC.,**
**JAMES E. ALLEN, JR., JIM ALLEN GROUP,**
**INC., HARRY JAMES THORPE, RANDALL**
**EICHORN, LISA EICHORN, W. SIDNEY**
**ALDRIDGE, and NICHOLLS & CRAMPTON,**
**P.A.,**
    Defendants.

## ORDER

This matter is before the court on remand from the United States District Court for the Eastern District of North Carolina. The bankruptcy court's order was entered on July 7, 2011, and the plaintiff appealed on August 24, 2011. A preliminary pre-trial conference was held telephonically on July 30, 2012, at which the parties requested that the court take action on the remanded issues without further hearing.

The parties agree that the claims in this case should be treated as non-core. The court

finds that there is a colorable argument that the plaintiff impliedly consented to this court's jurisdiction over the claims—especially, considering the length of time that lapsed before the jurisdictional issue was raised.  However, because the plaintiff and some of the defendants have demanded a jury trial and declined to consent to the bankruptcy court's exercise of jury trial jurisdiction, the matter will ultimately be heard in the district court.  Therefore, the court finds that it is prudentially sound to treat the issues in this case as non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1).  Having established that the claims will be treated as non-core proceedings, the court re-adopts its order dated July 7, 2011, to the extent that it decided the plaintiff's claims on the merits.  However, the court vacates the order with respect to its alternative reliance on res judicata grounds, given the district court's earlier ruling on that issue.  Furthermore, the court approves the preliminary scheduling order agreed to by the parties.  Because the scheduling order is triggered by the district court's ruling on the merits of the case, a supplemental scheduling order containing specific dates will be entered following the district court's ruling.

Normally, the bankruptcy court would submit its opinion as proposed findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 9033.  However, in the present case, the issues were before the court on the defendants' motion for judgment on the pleadings, and therefore, the bankruptcy court made no findings of fact.  Therefore, the bankruptcy court submits its opinion to the district court only as proposed conclusions of law.  Pursuant to Rule 9033(a), the clerk is directed to serve copies of this order and the July 7, 2011 order on all parties, and the parties are required to file specific objections within fourteen (14) days of service.

**END OF DOCUMENT**